STATE OF NORTH CAROLINA v. LEROY HENRY,
ALIAS HENRY VANN

No. 7212SC186

(Filed 29 March 1972)

Narcotics § 4.5— possession and sale of heroin — instructions
     The trial court properly declared and explained the law arising on the evidence and correctly instructed the jury as to the permissible verdicts in a trial for the crimes of possession and sale of heroin.

APPEAL by defendant from *Hall, Judge,* 18 October 1971 Session of Superior Court held in CUMBERLAND County.

In this criminal action the defendant and his attorney waived a bill of indictment and pleaded not guilty to the charges of possession of heroin, sale of heroin, and use of an automobile to facilitate the possession and sale of heroin as set out in an information signed by the solicitor. The State offered evidence

tending to show that on 18 June 1971, at about 10:30 p.m., Devon E. Kinston, employed by the Criminal Investigation Division of the United States Army at Fort Bragg, North Carolina, went to the parking lot of Fayetteville State University where he purchased from the defendant "one-half spoon" of the narcotic drug heroin for $20. When the undercover agent purchased the heroin, the defendant was seated in a red and white Cadillac automobile.

The defendant testified that he was not in the Fayetteville State University parking lot in the late evening of 18 June 1971 and that he had never seen or sold any heroin to Devon E. Kinston. At the close of the State's evidence, the defendant's motion for judgment as of nonsuit was allowed as to the count charging the defendant with use of an automobile to facilitate the possession and sale of narcotics.

The jury found the defendant guilty of the possession and sale of the narcotic drug heroin, and from a judgment imposing a prison sentence of four years, the defendant appealed.

*Attorney General Robert Morgan and Associate Attorney Henry E. Poole for the State.*

*Neill H. Fleishman, Assistant Public Defender, Twelfth Judicial District, for defendant appellant.*

HEDRICK, Judge.

The two assignments of error argued in defendant's brief relate to the court's instructions to the jury.

The defendant contends the court committed prejudicial error "by failing to correctly or sufficiently instruct the jury concerning the elements of the offense of possession of a narcotic drug," and "by erroneously charging the jury concerning possible verdicts." A careful review of the charge reveals that the court fairly, adequately and correctly declared and explained the law arising on the evidence given in the case, and precisely and correctly instructed the jury as to the permissible verdicts.

We find and hold that the defendant had a fair trial free from prejudicial error.

No error.

Judges BROCK and VAUGHN concur.